```
                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF UTAH
```

|  |  |
|---|---|
| MATTHEW A. MACKIN, | **ORDER & MEMORANDUM DECISION** |
| Plaintiff, | Case No. 2:09-CV-5 TS |
| v. | District Judge Ted Stewart |
| CORY KING et al., | |
| Defendants. | |

In this closed prisoner civil rights case,[1] Plaintiff proceeds *in forma pauperis* (IFP). Plaintiff has made payments toward his $350 filing fee. His last payment was filed May 27, 2010. Plaintiff now submits a new address, appearing to be a private residence. Plaintiff also moves the Court to vacate its dismissal (without prejudice) of this case and to appoint pro bono counsel to represent him.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

---

[1] *See* 42 U.S.C.S. § 1983 (2011).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2011); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS ORDERED that:

(1) Plaintiff's motion to reopen this case is GRANTED.[6] The Court's August 24, 2010 order dismissing this case is VACATED.

(2) within thirty days, Plaintiff must either verify he is still a prisoner or file a renewed Application to Proceed IFP, reflecting non-prisoner status. The Clerk of Court shall attach a blank IFP application to Plaintiff's copy of this Order.

---

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6](*See* Docket Entry # 20.)

(3) Plaintiff's motion for appointed counsel is DENIED[7]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 29th day of July, 2011.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

---

[7](*See* Docket Entry # 20.)